# SUPERIOR COURT OF POLK COUNTY
# STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA
**SUCV2024000822**
MHM
DEC 09, 2024 03:02 PM

Stacie M. Baines, Clerk
Polk County, Georgia

CIVIL ACTION NUMBER SUCV2024000822

Sorrells, Kathie D

**PLAINTIFF**

VS.

Wal-Mart Stores East, LP
Walmart Inc, DBA aka Wal-Mart Stores, Inc.
Wal-Mart Associates, Inc.
ABC CORPORATIONS 1-3
DOES #1-3, JANE

**DEFENDANTS**

**SUMMONS**

TO: WAL-MART ASSOCIATES, INC.

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Charles Morris Jr.**
**Parker and Lundy**
**212 Main Street**
**P.O. Box 1018**
**Cedartown, Georgia 30125**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of December, 2024.**

Clerk of Superior Court

Stacie M. Baines, Clerk
Polk County, Georgia

**EXHIBIT "A"**

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA
SUCV2024000822
MHM
DEC 09, 2024 03:02 PM
Stacie M. Baines, Clerk
Polk County, Georgia

**IN THE POLK COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KATHIE D. SORRELLS, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | FILE NO.: |
| | * | |
| vs. | * | |
| | * | ____________ |
| WAL-MART STORES EAST, LP, | * | |
| WALMART, INC. (a/k/a WAL-MART STORES, INC) | * | |
| WAL-MART ASSOCIATES, INC., | * | |
| ABC CORPORATIONS 1-3 and | * | |
| JANE DOES 1-3, | * | |
| | * | |
| Defendants. | * | |

**COMPLAINT IN TORT FOR DAMAGES**
**AND DEMAND FOR TRIAL BY JURY**

COMES NOW the Plaintiff, Kathie D. Sorrells ("Mrs. Sorrells") and files this her Complaint in Tort for Damages and Demand for Trial by Jury, as follows:

1.

This is an action for personal injuries, medical expenses and damages arising out of an injury at the retail store and premises known as Walmart Supercenter #727, located at 1585 Rome Highway, Cedartown, Polk County, Georgia. The injury occurred on December 23, 2022.

**Parties, Jurisdiction and Venue**

2.

Plaintiff Kathie D. Sorrells ("Mrs. Sorrells") is a resident of Cedartown, Polk County, Georgia, and is subject to the jurisdiction of this Court.

3.

Defendant WAL-MART STORES EAST, LP is a foreign, for-profit limited partnership organized and existing under the laws of the State of Delaware. Defendant WAL-MART STORES EAST, LP's principal office address is 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant WAL-MART STORES EAST, LP's registered agent for service of process is THE CORPORATION COMPANY, 410 Peachtree Parkway Suite 4245, Cumming, Georgia 30041.

4.

Defendant WALMART INC. (also known as WAL-MART STORES, INC.) is a foreign, for-profit corporation organized and existing under the laws of the State of Delaware. Defendant WALMART INC.'S principal office address is 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant WALMART INC.'S registered agent for service of process is THE CORPORATION COMPANY, 410 Peachtree Parkway Suite 4245, Cumming, Georgia 30041.

5.

Defendant WAL-MART ASSOCIATES, INC. is a foreign, for-profit corporation organized and existing under the laws of the State of Delaware. Defendant WAL-MART ASSOCIATES INC.'S principal office address is 702 SW 8th Street, Bentonville, Arkansas 72716. Defendant WAL-MART ASSOCIATES INC.'S registered agent for service of process is THE CORPORATION COMPANY, 410 Peachtree Parkway Suite 4245, Cumming, Georgia 30041.

6.

Defendants ABC Corporations 1-3 are those unidentified business entities that have an interest in the ownership or operations of Walmart Supercenter #727. If and when entity Defendants ABC Corporations 1-3 are identified, Mrs. Sorrells will amend her Complaint if necessary, and cause a summons and amended complaint to be served.

7.

Jane Does #1 is a natural person whose negligence directly caused Mrs. Sorrells' injuries described herein.

8.

Jane Does #2-3 are those natural persons who were employed by the other named defendants, and who had a duty to exercise ordinary care in the operations of Walmart Supercenter #727, including the training of the employee that injured Mrs. Sorrells.

9.

Under Article VI, Section II, Paragraph IV of the Constitution of the State of Georgia, and OCGA § 14-2-510, venue is proper in this Court.

**FACTS COMMON TO ALL COUNTS**

10.

At all times relevant hereto, Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART

ASSOCIATES, INC. owned, operated, managed, controlled or otherwise provided services in the furtherance of the business concerns of Walmart Supercenter #727.

11.

At all times relevant hereto, Defendants ABC CORPORATIONS 1-3 owned, operated, managed, controlled or otherwise provided services in the furtherance of the business concerns of Walmart Supercenter #727.

12.

On December 23, 2022, Mrs. Sorrells was a business invitee and customer at Walmart Supercenter #727, located at 1585 Rome Highway, Cedartown, Polk County, Georgia. (Hereinafter known as "the subject premises.")

13.

At all times relevant hereto while Mrs. Sorrells was within the subject premises, Mrs. Sorrells was exercising reasonable care for her own safety.

14.

On December 23, 2022, Mrs. Sorrells was shopping for stocking stuffers on one of the Christmas candy aisles within the subject premises.

15.

While Mrs. Sorrells was reaching toward a shelf to select an item to purchase, an unidentified Walmart

employee, Jane Doe #1, was pushing a large rolling cart near Mrs. Sorrells.

16.

Jane Doe #1 was working as an "online orderfiller." Jane Doe #1's job required her to push the metal cart throughout the store to fulfill orders placed by Walmart's online customers.

17.

The Walmart.com website describes the "orderfiller" job as "extremely fast paced" and "… intense, especially in the evenings, on weekends, and during a holiday season."
(Source:careers.walmart.com/us/jobs/05312299700D-online-orderfilling-delivery)

18.

While Mrs. Sorrells was selecting her own items for purchase, suddenly and without warning Jane Doe #1 pushed the large rolling cart into Mrs. Sorrells, striking her hard and knocking her to the floor. (The "subject incident.")

19.

As a result of the subject incident, Mrs. Sorrells sustained serious and painful personal injuries, including injuries to her left arm and left shoulder.

20.

Thereafter, Mrs. Sorrells sought medical treatment

for the injuries to her left arm and shoulder. After conservative treatment failed to resolve her injuries, Mrs. Sorrells underwent shoulder surgery to repair the injury caused by the subject incident.

21.

To date, Mrs. Sorrells has incurred approximately $103,372.70 in expenses for her medical, surgical and rehabilitation expenses.

22.

The physical injuries that were caused and/or aggravated by the subject incident have caused Mrs. Sorrells excruciating pain and suffering.

23.

Mrs. Sorrells' physical injuries from the subject incident have diminished her ability to engage in physical activities, including her activities of daily living and recreational and leisure activities, without significant pain.

24.

The subject incident, and Mrs. Sorrells' physical injuries resulting from the subject incident, have caused Mrs. Sorrells pain, suffering, distress, fright, shock, worry and trauma.

## DEFENDANTS' LIABILITY
## FOR MRS. SORRELLS'S INJURIES

**Count One: Direct liability for striking Mrs. Sorrells**

25.

Jane Doe #1 caused the subject incident, and injured Mrs. Sorrells, by:

A. Failing to exercise ordinary care while pushing a metal cart within the subject premises; and

B. Failing to keep a proper lookout for business invitees who were shopping within the subject premises, such as Mrs. Sorrells, while pushing a metal cart within the subject premises.

26.

Jane Does #2-3 caused the subject incident by failing to exercise ordinary care in the hiring, training, supervision and retention of Jane Doe #1 in the use of large metal carts within the subject premises.

27.

At all times relevant hereto, Jane Does #1-3 were employees of Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC.

28.

At all times relevant hereto, Jane Does #1-3 were acting within the scope of their employment with Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC.

29.

At all times relevant hereto, Jane Does #1-3 were acting within the scope of their agency with, and/or in furtherance of the business interests of, Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC.

**Count Two: Vicarious Liability**

30.

Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC. are liable in damages to Mrs. Sorrells for the negligence of Jane Does #1-3 due to the following:

A. Jane Does #1-3 were employed by Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC.;

B. Jane Does #1-3 were acting within the course and scope of their employment at the time of the subject incident;

C. Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC. are further liable under the doctrine of *respondeat superior* and the "master-servant" doctrine.

**Count Three: Premises Liability**

31.

Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC. practice of using large

metal carts to rapidly navigate the customer aisles on the subject premises created a hazard and risk of injury for business invitees such as Mrs. Sorrells. By creating and maintaining such hazards, Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC. breached their duty to keep the subject premises and approaches safe, with the meaning of OCGA § 51-3-1.

**Count Four: Failure to warn**

32.

Defendants WAL-MART STORES EAST LP, WALMART, INC., and/or WAL-MART ASSOCIATES, INC. failure to warn its business invitees, such as Mrs. Sorrells, that the hazards described in paragraph 31 were present on the subject premises, and would expose invitees, such as Mrs. Sorrells, to an unreasonable risk of harm or injury.

**Proximate Cause**

33.

The negligence of one or more of these Defendants directly and proximately caused the subject injury to Mrs. Sorrells.

**PRAYER FOR RELIEF**

34.

Mrs. Sorrells brings this action to recover for her personal injuries, including:

A. the past, present and future expenses that Mrs.

Sorrells has incurred in obtaining medical treatment for the subject injuries;

B. her past, present and future pain and suffering; and

C. the past, present and future limitations on her physical activities.

WHEREFORE, Mrs. Sorrells prays:

(A) That she have and recover verdict and judgment from these Defendants for all medical expenses that she has incurred;

(B) That she have and recover verdict and judgment from these Defendants for her pain and suffering;

(C) That the costs of this action be cast against these Defendants; and

(E) That she have and recover such other and further relief both at law, and in equity, as justice so requires.

*(Signatures only on following page)*

Respectfully submitted, this the 9th day of December, 2024.

**PARKER AND LUNDY**

Charles E. Morris, Jr.
Georgia Bar No. 523598
chuck@parkerandlundy.com

212 Main Street
P.O. Box 1018
Cedartown, Georgia 30125
Phone: 770-748-5643

**LAW OFFICE OF J. STEVE ASTIN**

J. Steve Astin
*Signature by Charles E. Morris, Jr. w/express permission*
Georgia Bar No. 026198
astinsteve@yahoo.com

511 S. Main Street
P.O. Box 25
Cedartown, Georgia 30125
Phone: 770-749-9020

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA
SUCV2024000822
MHM
DEC 10, 2024 04:33 PM
Stacie M. Baines, Clerk
Polk County, Georgia

**IN THE POLK COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

KATHIE D. SORRELLS, *
*
Plaintiff, * CIVIL ACTION
* FILE NO.:
*
vs. * SUCV024000822 MHM
*
WAL-MART STORES EAST, LP, *
WALMART, INC. (a/k/a WAL-MART STORES, INC) *
WAL-MART ASSOCIATES, INC., *
ABC CORPORATIONS 1-3 and *
JANE DOES 1-3, *
*
Defendants. *

**ORDER OF RECUSAL**

The undersigned judge hereby voluntarily recuses himself from the above-styled case. The Clerk shall reassign this matter according to the Standing Order for Random Case Assignment.

IT IS SO ORDERED this 10th day of December, 2024.

**HONORABLE MARK H. MURPHY**
**Chief Judge, Polk County Superior Court**
**Tallapoosa Judicial Circuit**

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA
SUCV2024000822
ABR
DEC 12, 2024 03:17 PM

Stacie M. Baines, Clerk
Polk County, Georgia

**IN THE POLK COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KATHIE D. SORRELLS, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | FILE NO.: |
| | * | |
| vs. | * | SUCV024000822 |
| | * | |
| WAL-MART STORES EAST, LP, | * | |
| WALMART, INC. (a/k/a WAL-MART STORES, INC) | * | |
| WAL-MART ASSOCIATES, INC., | * | |
| ABC CORPORATIONS 1-3 and | * | |
| JANE DOES 1-3, | * | |
| | * | |
| Defendants. | * | |

**ORDER ON PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL AGENT FOR SERVICE OF PROCESS**

HAVING READ AND REVIEWED the Plaintiff's motion for appointment of a special agent for service of process, the Court finds that sufficient grounds exist for granting said motion.

WHEREFORE, this Court Orders that **NAN LANGFORD WINKLEMAN**, a citizen of the United States over the age of eighteen years, is hereby authorized and specifically appointed by this Court to serve process and to personally serve Defendants with a copy of the Summons and Pleadings filed in this action.

SO ORDERED, this the 12 day of December, 2024.

ANDREW B. ROPER, JUDGE
Polk County Superior Court
Tallapoosa Judicial Circuit

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA
SUCV2024000822
ABR
DEC 12, 2024 10:27 AM
Stacie M. Baines, Clerk
Polk County, Georgia

**IN THE POLK COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

| | |
|---|---|
| **KATHIE D. SORRELLS,** | * |
| **Plaintiff,** | * **CIVIL ACTION** * **FILE NO.:** * |
| **vs.** | * **SUCV024000822** * |
| **WAL-MART STORES EAST, LP, WALMART, INC. (a/k/a WAL-MART STORES, INC) WAL-MART ASSOCIATES, INC., ABC CORPORATIONS 1-3 and JANE DOES 1-3,** | * * * * * * |
| **Defendants.** | * |

**PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL AGENT FOR SERVICE OF PROCESS**

COMES NOW the Plaintiff and respectfully move that this Court issue an Order naming **NAN LANGFORD WINKELMAN** as Special Agent for service of process, to serve all Defendants with a copy of the Summons and Pleadings in this action pursuant, to OCGA § 9-11-4(c).

The Plaintiff shows that proposed agent for Service of Process **NAN LANGFORD WINKELMAN** is over the age of eighteen and is a citizen of the United States. **NAN LANGFORD WINKELMAN** is not an employee of the law firm of Parker and Lundy and has no interest in the outcome of this case.

The Plaintiff further shows that this action requires service upon parties located outside the territorial limits of Polk County, Georgia.

Accordingly, appointment of a special agent for service of process is the most expedient manner for obtaining personal service in this action.

Respectfully submitted, this the 12th day of December 2024.

**PARKER AND LUNDY**

Charles E. Morris, Jr.
Georgia Bar No. 523598
chuck@parkerandlundy.com

212 Main Street
Cedartown, Georgia 30125
Telephone: 770/748-5643
Fax: 770/748-5128

## CERTIFICATE OF SERVICE

I hereby certify that I will serve the enclosed

**PLAINTIFF'S MOTION FOR APPOINTMENT OF A SPECIAL AGENT FOR SERVICE OF PROCESS**

upon the defendant by attaching the same to the Summons and Complaint and submitting the same for personal service upon Defendants by **NAN LANGFORD WINKELMAN,** special agent for service of process.

Respectfully submitted, this the 12th day of December 2024.

**PARKER AND LUNDY**

Charles E. Morris, Jr.
Georgia Bar No. 523598
chuck@parkerandlundy.com

212 Main Street
Cedartown, Georgia 30125
Telephone: 770/748-5643
Fax: 770/748-5128

**IN THE POLK COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KATHIE D. SORRELLS, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | FILE NO.: |
| | * | SUCV2024000822 |
| vs. | * | |
| | * | ABR |
| WAL-MART STORES EAST, LP, | * | |
| WALMART, INC. (a/k/a WAL-MART STORES, INC) | * | |
| WAL-MART ASSOCIATES, INC., | * | |
| ABC CORPORATIONS 1-3 and | * | |
| JANE DOES 1-3, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART ASSOCIATES, INC.**

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant Wal-Mart Associates, Inc. respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff Charles E. Morris, Jr., Parker and Lundy, 212 Main Street, Cedartown, Georgia 30125.

Please include the text of each question/request prior to each response. Plaintiff will do the same in response to Defendant's discovery requests. To facilitate

this, Plaintiff will also provide an electronic copy of this discovery upon request.

## DEFINITIONS AND INSTRUCTIONS

A. These interrogatories shall be deemed continuing to the extent permitted by O.C.G.A. § 9-11- 26, *et seq.*, so as to require Defendant to serve supplemental answers upon all parties if Defendant or defense attorneys obtain further information between the time the answers are served and the time of trial.

B. **"Document,"** whether singular or plural, means documents and other tangible things defined in the broadest sense permitted by the Georgia Civil Practice Act and shall include without limitation originals or, if such are not available, true printed or electronic copies, including copies of documents, videotapes, electronic video files, electronic audio files, computer data, electronic messages/mail, and electronically stored information.

C. The **"subject incident"** shall refer to the time, place, and circumstances of the injury to Mrs. Kathie D. Sorrells that occurred on December 23, 2022 at the Walmart Supercenter #727 located at 1585 Rome

Highway, Cedartown, Polk County, Georgia, and the acts and omissions of the defendant(s) that preceded the subject incident.

D. **"Person"** means any natural person, corporation, partnership, association, governmental entity, agency, group, organization, etc.

E. "**Identify**" with respect to any **"person"** or any reference to stating the "identity" of any "person" means to provide the name, home address, telephone number, employer, or W2 or other tax document, business name, business address, and business telephone number of such person, and a description of each such person's connection with the events in question.

F. "**Identify**" with respect to any **"document**" or any reference to stating the "identification" of any "document" means to provide the title and date of each such document, the name and address of the party or parties responsible for the preparation of each such document, the name and address of the party who requested or required the preparation of the document or on whose behalf it was prepared, the name and

address of the recipient or recipients of each such document, and the names and addresses of any and all persons who have custody or control of each such document, or copies thereof.

G. These Interrogatories shall be deemed continuing, and you are required to supplement or amend any prior response if the persons or entity to whom these Interrogatories are addressed ascertains any change, different or added fact, condition or circumstances or there be any other witness(es) or evidence. Each Interrogatory is addressed to the personal knowledge of Defendant Wal-Mart Associates, Inc. as well as to the knowledge and information of said Defendant's attorneys, investigators, agents, insurers, employees, and other representatives. If Defendant Wal-Mart Associates, Inc.is unable to answer a question completely, the question should be answered as fully as possible. When a question is directed to Defendant or "you," the question is also directed to each of the aforementioned persons.

H. You are requested not to respond to Interrogatories by referring to the responses to other

Interrogatories or by adoption, since some of the Interrogatories may be introduced into evidence and should be, for this purpose, complete in themselves.

I. If you claim privilege as to work product, please state what items are being withheld specifically on a privilege log.

## INTERROGATORIES

1.

Please identify the person or persons responding to these Interrogatories on behalf of Defendant Wal-Mart Associates, Inc. and identify each person who has provided information in connection with these Interrogatories.

2.

Please identify the following persons, firms, corporations or other business entities associated with Walmart Supercenter #727 located at 1585 Rome Highway, Cedartown, Polk County, Georgia (hereinafter "the subject premises") to wit:

A. The owner(s) of the real property located at 1585 Rome Highway, Cedartown, Polk County, Georgia;

B. The owner(s) of the structure upon the subject premises, which comprises a retail store known as Walmart Supercenter #727;

C. The Employer(s) of the personnel at Walmart Supercenter #727 who were employed as online "orderfillers" on the date of the subject incident; and

D. The Employer(s) of the managers of Walmart Supercenter #727 on the date of the subject incident.

3.

Identify the persons, business entities, firms or organizations who employ the persons who were working at Walmart Supercenter #727 on the date of the subject incident.

4.

Identify any person not already named as a party to this lawsuit whom you contend caused or contributed to

the subject incident, including any architect, engineer, designer, contractor, subcontractor, or others.

5.

Regarding any and all video surveillance systems present on the subject premises on the date of the subject incident, please identify the following:

A. the name of the manufacturer of the video surveillance system

B. the model number(s) of the components of the video surveillance systems

C. the installer of the video surveillance system

D. the names of all persons employed at the subject premises at the time of the subject incident who would have had the ability to view, download and/or otherwise preserve any video of the subject incident

E. the policies and procedures for storing, archiving, and retrieving video images captured at the subject premises

F. the policies and procedures for retaining, deleting, or destroying video images captured at the subject premises

G. whether video images captured by the surveillance system at the subject premises are stored or "backed up" off the site of the subject premises

H. whether the subject incident was captured and recorded by the video surveillance system at the subject premises

I. whether video images of the subject incident have been preserved

J. what person(s) or entity(ies) have possession, custody, or control of the video images of the subject incident

K. how many different surveillance cameras captured images of the subject incident.

6.

Identify each person with whom you are aware that witnessed the subject incident, or the events occurring

immediately before or after the incident; and/or who heard any statements made about the subject incident by any individual at the scene of the subject incident.

7.

Identify each employee, manager or other person known to you who has personal knowledge of the subject incident. For each such individual, identify his or her job title and job or function which was being performed by that individual at the time of the incident.

8.

Identify each person interviewed concerning the subject incident. For each such person, state:

A. The date of the interview

B. The substance of the interview

C. The persons conducting the interview on behalf of the Defendant

D. If the interview was recorded and/or transcribed, a reproduction of the recording and/or transcript will suffice.

9.

Identify each and every written report made by any person concerning the incident.

10.

Please state, in your own words, what you believe happened involving Plaintiff Kathie D. Sorrells at the time of the subject incident, and include in your response the factual bases upon which you have formed that belief.

11.

Identify each person (excluding your attorney) who provided you with information utilized in your response to Interrogatory 11.

12.

Identify each document, including each and every video or audio recording, that provided you with information utilized in your response to Interrogatory 11.

13.

Identify any insurance agreement(s) under which any insurance business may be liable to satisfy part or all

of any judgment which may be entered in this action, or to indemnify or reimburse you for payments made to satisfy the judgment, including in your answer the amount and limits of any such liability insurance coverage.

14.

Identify all persons whom you intend to call as expert witnesses at the trial of this case, and for each such expert, identify:

A. The subject matter on which he or she is expected to testify:

B. The substance of the facts and opinions to which he or she is expected to testify:

C. A summary of the grounds for each opinion to which he or she will testify;

D. The basis upon which he or she qualifies as an expert on the subject matter to which he or she is expected to testify.

15.

Identify any previous or subsequent incidents of which you are aware which occurred in substantially the

same manner as the subject incident, and which also occurred upon the subject premises.

16.

Identify any previous or subsequent incidents of which you are aware which occurred in substantially the same manner as the subject incident, and which also occurred upon other premises owned by this defendant, and/or other retail stores operated by this defendant.

17.

Identify any procedures which you followed, at and before the time of the subject incident, concerning the inspection, repair, and cleaning of the area where the subject incident occurred.

18.

Identify any warnings, whether verbal or written (such as by a sign, or otherwise) which were given to the Plaintiff specifically, and/or to your business invitees in general, regarding the presence of a wet substance in the dining area of the subject premises.

19.

Identify any admission(s) or declaration(s) against interest which you contend was made by the Plaintiff following the subject incident.

20.

Identify any other person(s), whether employees, customers, vendors or business invitees, who have been struck by persons employed as "orderfillers" at the subject premises.

21.

At the time of the subject incident, do you contend that any person or entity other than you managed the subject premises or the subject retail store? If so, state each and every fact on which you base the contention and identify each and every writing that supports the contention.

22.

At the time of the subject incident, do you contend that any person or entity other than Defendant Wal-Mart Associates, Inc. was responsible for the training and supervision of persons employed as "orderfillers" within

the subject premises? If so, state each and every fact on which you base your contention and identify each and every writing that supports the contention.

23.

Describe in detail any conversations any employee, manager, or representative of Defendant Wal-Mart Associates, Inc. has had with the Plaintiff prior to or following the subject incident.

24.

What efforts were made by the Defendant to correct the condition(s) which caused the subject incident after the subject incident occurred?

25.

Please describe any and all policies and procedures that are communicated to Defendant's employees with regard to the use of metal carts by "orderfillers" on Defendant's premises. A response to this interrogatory shall include any and all written materials, slides, photographs, films, video recordings, audio recordings, computer-based modules, applications, or any other media

or means Defendant utilizes in communicating with or training its employees.

26.

If you have denied any of Plaintiff's First Request for Admissions, please state the facts upon which each denial is based, and identify any documents that support said denial.

*(Signatures only on following page)*

Respectfully submitted, this the 12th day of December 2024.

**PARKER AND LUNDY**

Charles E. Morris, Jr.
Georgia Bar No. 523598
chuck@parkerandlundy.com

212 Main Street
Cedartown, Georgia 30125
Phone: 770-748-5643
Fax: 770-748-5128

**LAW OFFICE OF J. STEVE ASTIN**

J. Steve Astin
*Signature by Charles E. Morris, Jr. w/express permission*
Georgia Bar No. 026198
astinsteve@yahoo.com

511 S. Main Street
P.O. Box 25
Cedartown, Georgia 30125
Phone: 770-749-9020

**IN THE POLK COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

| | | |
|---|---|---|
| KATHIE D. SORRELLS, | * | |
| | * | CIVIL ACTION |
| Plaintiff, | * | FILE NO.: |
| | * | **SUCV2024000822** |
| vs. | * | |
| | * | ABR |
| WAL-MART STORES EAST, LP, | * | |
| WALMART, INC. (a/k/a WAL-MART STORES, INC) | * | |
| WAL-MART ASSOCIATES, INC., | * | |
| ABC CORPORATIONS 1-3 and | * | |
| JANE DOES 1-3, | * | |
| | * | |
| Defendants. | * | |

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART ASSOCIATES, INC.**

Pursuant to O.C.G.A. § 9-11-33, Plaintiff hereby requests that Defendant Wal-Mart Associates, Inc. respond separately in writing and under oath, to the following interrogatories as provided by law, with a copy of the responses being served upon the undersigned counsel of record for Plaintiff Charles E. Morris, Jr., Parker and Lundy, 212 Main Street, Cedartown, Georgia 30125.

Please include the text of each question/request prior to each response. Plaintiff

w£11 do the same in response to Defendant's discovery requests. To facilitate this, Plaintiff will also provide an electronic copy of this discovery upon request.

## DEFINITIONS

(a) These Requests are continuing in character so as to require you to file supplemental answers if you obtain further or different information before trial.

(b) The **"subject incident"** shall refer to the time, place, and circumstances of the injury to Mrs. Kathie D. Sorrells that occurred on December 23, 2022 at the Walmart Supercenter #727 located at 1585 Rome Highway, Cedartown, Polk County, Georgia, and the acts and omissions of the defendant(s) that preceded the subject incident.

(b) Where documents in possession. of a party is requested, said request includes documents within the possession, custody, or control of said party's agents, representatives, and unless privileged, his attorneys.

(c) The pronoun "you" refers to the party whom these Requests are addressed, Defendant Wal-Mart Associates, Inc.

(d) As used herein the term "document" shall mean

the original and each non-identical copy (whether different from the original because of marginal notes, or other material inserted therein, or attached thereto or otherwise) of any written or graphic matter, however produced or reproduced and including, but not limited to: papers, books, letters, correspondence, telegrams, cables, telex messages, memoranda, typed or handwritten notes, notations, work papers, transcripts, minutes, audio, visual or audio-visual recordings, reports and records of telephone or other conversations, or of interviews, conferences or other meetings, maps, charts, plans, specifications, diagrams, photographs, affidavits, statements, statistical records, lists, tabulations, summaries, sound recordings, video recordings, computer print-outs, data processing input and output, microfilms, microfiche, all other records kept by computer, or on computer programs, electronic, photographic, or mechanical means, and items similar to the foregoing and/or items from which information can be obtained, translated if necessary, through the use of detection devices into reasonably usable form. If any tape, disc, card, wire, or other electronic or mechanical recording

or transcript or any computer program is produced, you shall also produce such documents as are necessary for decoding, playing back, printing out and/or interpretation thereof, and any other documents which are necessary to convert such information into a usable and useful format.

(e) If you assert a privilege with regard to any interrogatory or request for production of documents, please submit a privilege log to identify any documents alleged to be privileged, and a description of the document and privilege relied upon.

**REQUESTS FOR PRODUCTION**

1.

Please produce any and all video recordings and audio recordings of the December 23, 2022, occurrence described in Plaintiff's *COMPLAINT IN TORT FOR DAMAGES AND DEMAND FOR TRIAL BY JURY* that at Walmart Supercenter #727, located at 1585 Rome Highway, Cedartown, Polk County, Georgia. (Hereinafter "the subject incident.")

2.

Please produce any and all video recordings and audio recordings of Plaintiff Kathie D. Sorrells in your possession, custody or control that were captured either before or after the subject incident.

3.

Please produce any and all incident reports which documented the occurrence of the subject incident.

4.

Please produce any and all documents, including photographs, in your possession, custody or control that in any way refer to or document the subject incident.

5.

Please produce any document which lists the name of any employee of the Wal-Mart Supercenter located at 1585 Rome Highway, Cedartown, Georgia (hereinafter "the subject premises") who was on duty on the date of the subject incident.

6.

Please produce any document which lists the names of:

a. The online "orderfiller" employee who was using a cart that collided with Plaintiff Kathie D. Sorrells; and

b. Any employee or manager who provided any assistance of any kind or character to Plaintiff Kathie D. Sorrells after the subject incident; and

c. Any employee or manager who made an incident report or gave a statement to any person regarding the subject incident.

7.

Please produce any reports showing any investigation of the subject incident.

8.

Please produce any document recording or documenting any conversation between Plaintiff Kathie D. Sorrells and any person employed by or associated with this defendant, or the subject premises.

9.

Please produce any documents related to any other "orderfiller" collision incidents that occurred at the subject retail store between July 1, 2022, and July 1, 2024.

10.

Please produce any audio or video recordings related to any other "orderfiller" collision incidents that occurred at the subject retail store between July 1, 2022, and July 1, 2024.

11.

Please produce any photograph, video, still photograph, digital photograph, audio recording, or electronically stored recording of the subject incident, the reporting or investigation of the subject incident, or any other image, recording of Plaintiff Kathie D. Sorrells on the date of the subject incident, or any time thereafter.

12.

Please produce any document that shows the name of the companies or entities that own, operate, control, manage or have an interest in the subject

premises or the persons employed therein, on the date of the subject incident.

13.

Please produce any document that memorializes any operational, control, management or employment agreements related to the daily operation of the subject premises, or employment of personnel who work in Walmart Supercenter #727.

14.

Please produce any documents, recordings, computer-based learning modules or any other utilized to train the employees of the subject retail store on the topics of

a. Online "orderfiller" job duties

b. Online "orderfiller" safety practices

c. customer accident investigation

d. customer accident prevention.

15.

Please produce any and all documents which demonstrate what, if any, persons had direct contact with Plaintiff Kathie D. Sorrells on the date of the

subject incident, prior to the occurrence of the subject incident.

16.

Please produce any and all documents which demonstrate what, if any, persons had direct contact with Plaintiff Kathie D. Sorrells on the date of the subject incident, after the occurrence of the subject incident.

17.

Please produce a certified copy of any insurance policy, including its declaration page(s), which may provide coverage to Defendant Wal-Mart Associates, Inc., or to Walmart Supercenter #727, for any liability associated with the subject incident.

18.

Please produce any document, memorandum, note, or other recording which contains information responsive to any of the Plaintiff's First Interrogatories to Defendant Wal-Mart Associates, Inc.

19.

Please produce copies of any and all documents showing what disciplinary actions were taken against any manager, employee, or agent of Walmart Supercenter #727 for their actions, omissions, violations of policy or procedure, or violations of regulations in any way related to the subject incident.

20.

Please produce a copy of the employee handbook for hourly employees working as online “orderfillers” at Walmart Supercenter #727 on the date of the subject incident.

21.

Please produce a copy of the employee handbook for management employees working at Walmart Supercenter #727 on the date of the subject incident.

22.

Please produce a copy of the employee handbook for security, surveillance or "loss control" employees working at Walmart Supercenter #727 on the date of the subject incident.

Respectfully submitted, this the 12th day of December 2024.

**PARKER AND LUNDY**

Charles E. Morris, Jr.
Georgia Bar No. 523598
chuck@parkerandlundy.com

212 Main Street
Cedartown, Georgia 30125
Phone: 770-748-5643
Fax: 770-748-5128

**LAW OFFICE OF J. STEVE ASTIN**

J. Steve Astin
*Signature by Charles E. Morris, Jr. w/express permission*
Georgia Bar No. 026198
astinsteve@yahoo.com

511 S. Main Street
P.O. Box 25
Cedartown, Georgia 30125
Phone: 770-749-9020

**IN THE POLK COUNTY SUPERIOR COURT**
**STATE OF GEORGIA**

| | |
|---|---|
| KATHIE D. SORRELLS, | * |
| | * CIVIL ACTION |
| Plaintiff, | * FILE NO.: |
| | * **SUCV2024000822** |
| vs. | * |
| | * ABR |
| WAL-MART STORES EAST, LP, | * |
| WALMART, INC. (a/k/a WAL-MART STORES, INC) | * |
| WAL-MART ASSOCIATES, INC., | * |
| ABC CORPORATIONS 1-3 and | * |
| JANE DOES 1-3, | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WAL-MART ASSOCIATES, INC.**

To: **DEFENDANT WAL-MART ASSOCIATES, INC.**

Pursuant to O.C.G.A. § 9-11-36, please admit or deny the following:

NOTE A: When used in these Requests, the term "Defendant" or any synonym thereof (including "you" or "your") is intended to and shall embrace and include, in addition to said Defendant **WAL-MART ASSOCIATES, INC**, counsel for said Defendant and all agents, servants, employees, representatives, private investigators and others who are in possession of, or may have obtained information for or on behalf of said Defendant.

1.

Please admit that Wal-Mart Associates, Inc. owned the premises described as Walmart Supercenter #727, located at 1585 Rome Highway, Cedartown, Polk County, Georgia, on December 23, 2022.

2.

Please admit that Wal-Mart Associates, Inc. operated the retail store known as Walmart Supercenter #727, located at 1585 Rome Highway, Cedartown, Polk County, Georgia, on December 23, 2022.

3.

Please admit that Wal-Mart Associates, Inc. employed the hourly personnel working at the retail store known as Walmart Supercenter #727, located at 1585 Rome Highway, Cedartown, Polk County, Georgia, on December 23, 2022.

4.

Please admit that Wal-Mart Associates, Inc. employed the supervisors and managers working at the retail store known as Walmart Supercenter #727, located at 1585 Rome

Highway, Cedartown, Polk County, Georgia, on December 23, 2022.

5.

Please admit that Wal-Mart Associates, Inc. is subject to the jurisdiction of this Court.

6.

Please admit that venue is proper in this Court.

7.

Whether or not you agree that Wal-Mart Associates, Inc. is a proper party to this action, please admit that Wal-Mart Associates, Inc. has received sufficient service of process in this action.

8.

Whether or not you agree that Wal-Mart Associates, Inc. is a proper party to this action, please admit that Wal-Mart Associates, Inc. has been served with Summons and Complaint within the period of limitations for this action.

Respectfully submitted, this the 12th day of December 2024.

**PARKER AND LUNDY**

Charles E. Morris, Jr.
Georgia Bar No. 523598
chuck@parkerandlundy.com

212 Main Street
Cedartown, Georgia 30125
Phone: 770-748-5643
Fax: 770-748-5128

**LAW OFFICE OF J. STEVE ASTIN**

J. Steve Astin
*Signature by Charles E. Morris, Jr. w/express permission*
Georgia Bar No. 026198
astinsteve@yahoo.com

511 S. Main Street
P.O. Box 25
Cedartown, Georgia 30125
Phone: 770-749-9020

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the within and foregoing

1. **PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT WAL-MART ASSOCIATES, INC.**

2. **PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT WAL-MART ASSOCIATES, INC.**

3. **PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT WAL-MART ASSOCIATES, INC.**

upon Defendant **WAL-MART ASSOCIATES, INC.** by attaching a copy to the Summons and Complaint, for personal service by process server upon:

WAL-MART ASSOCIATES, INC.
c/o Registered agent for service of process
THE CORPORATION COMPANY
410 Peachtree Parkway, Suite 4245
Cumming, Georgia 30041.

Respectfully submitted this the 12th day of December 2024.

**PARKER AND LUNDY**

Charles E. Morris, Jr.
Georgia Bar No. 523598
chuck@parkerandlundy.com

212 Main Street
Cedartown, Georgia 30125
Phone: 770-748-5643
Fax: 770-748-5128

# SUPERIOR COURT OF POLK COUNTY
# STATE OF GEORGIA

EFILED IN OFFICE
CLERK OF SUPERIOR COURT
POLK COUNTY, GEORGIA
**SUCV2024000822**
MHM
DEC 09, 2024 03:02 PM

Stacie M. Baines, Clerk
Polk County, Georgia

CIVIL ACTION NUMBER SUCV2024000822

Sorrells, Kathie D

**PLAINTIFF**

**VS.**

Wal-Mart Stores East, LP
Walmart Inc, DBA aka Wal-Mart Stores, Inc.
Wal-Mart Associates, Inc.
ABC CORPORATIONS 1-3
DOES #1-3, JANE

**DEFENDANTS**

## SUMMONS

TO: WAL-MART STORES EAST, LP

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

**Charles Morris Jr.**
**Parker and Lundy**
**212 Main Street**
**P.O. Box 1018**
**Cedartown, Georgia 30125**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**This 9th day of December, 2024.**

Clerk of Superior Court

Stacie M. Baines, Clerk
Polk County, Georgia

IN THE SUPERIOR COURT OF POLK COUNTY
STATE OF GEORGIA

KATHIE D. SORRELLS,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART, INC.
(A/K/A WAL-MART STORES, INC.),
WAL-MART ASSOCIATES, INC.,
ABC CORPORATIONS 1-3
AND JANE DOES 1-3,

Defendants.

Civil Action File No.
SUCV2024000822

______________________________________/

ANSWER OF DEFENDANTS WAL-MART STORES EAST, LP, WALMART INC. AND WAL-MART ASSOCIATES, INC.

COME NOW, Defendants WAL-MART STORES EAST, LP, WALMART INC. and WAL-MART ASSOCIATES, INC. and make this Answer to Plaintiff's Complaint as follows:

FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which relief can be granted.

SECOND DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as

follows:

1.

Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants admit the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants admit the allegations contained in paragraph 4 of the Plaintiff's Complaint, except that they clarify that Walmart Inc. formerly known as Wal-Mart Stores, Inc.

5.

Defendants admit the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of the Plaintiff's

Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8.

Defendants deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of the Plaintiff's Complaint. Venue is now proper in the United States District Court, Northern District of Georgia, Rome Division.

10.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store. Defendants deny the remaining allegations contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint.

12.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 12 of the Plaintiff's Complaint.

13.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 13 of the Plaintiff's Complaint.

14.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 15 of the Plaintiff's Complaint.

16.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendants admit the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 18 of the Plaintiff's Complaint.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

Defendants deny the allegations contained in paragraph 22 of the Plaintiff's Complaint.

23.

Defendants deny the allegations contained in paragraph 23 of the Plaintiff's Complaint.

24.

Defendants deny the allegations contained in paragraph number 24 of the Plaintiff's Complaint.

25.

Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint, including subparagraphs A. and B. thereof.

26.

Defendants deny the allegations contained in paragraph 26 of the Plaintiff's Complaint.

27.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 27 of the Plaintiff's Complaint.

28.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph number 28 of the Plaintiff's Complaint.

29.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 29 of the Plaintiff's Complaint.

30.

Defendants deny the allegations contained in paragraph 30 of the Plaintiff's Complaint, including subparagraphs A., B., and C. thereof.

31.

Defendants deny the allegations contained in paragraph 31 of the Plaintiff's Complaint.

32.

Defendants deny the allegations contained in paragraph number 32 of the Plaintiff's Complaint.

33.

Defendants deny the allegations contained in paragraph 33 of the Plaintiff's Complaint.

34.

Defendants deny the allegations contained in paragraph 34 of the Plaintiff's Complaint, including subparagraphs A., B. and C. thereof.

35.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

36.

Defendants deny Plaintiff's prayer for relief, including subparagraphs (A), (B), (C) and (E) thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb

Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART INC.
WAL-MART ASSOCIATES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANTS has this day been filed and served upon opposing counsel via Peach Court E-File.

This the 9th day of January, 2025.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART INC.
WAL-MART ASSOCIATES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com

IN THE SUPERIOR COURT OF POLK COUNTY
STATE OF GEORGIA

KATHIE D. SORRELLS,

Plaintiff,

v.

WAL-MART STORES EAST, LP,
WALMART, INC.
(A/K/A WAL-MART STORES, INC.),
WAL-MART ASSOCIATES, INC.,
ABC CORPORATIONS 1-3 AND JANE DOES 1-3,

Defendants.

______________________________/

Civil Action File No.
SUCV2024000822

**12-PERSON JURY DEMAND**

COME NOW Defendants, WAL-MART STORES EAST, LP, WALMART, INC. (A/K/A WAL-MART STORES, INC.) and WAL-MART ASSOCIATES, INC. and demand a trial by a jury of twelve (12) persons.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART, INC.
WAL-MART ASSOCIATES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing **12-PERSON JURY DEMAND** has this day been filed and served upon opposing counsel via Peachcourt E-File.

This the 9th day of January, 2025.

McLAIN & MERRITT, P.C.

/s/ Nicholas E. Deeb
Nicholas E. Deeb
Georgia Bar No. 117025
Attorneys for Defendants
WAL-MART STORES EAST, LP
WALMART, INC.
WAL-MART ASSOCIATES, INC.

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA 30326
(404) 365-4535
(404) 364-3138 (fax)
ndeeb@mmatllaw.com